UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANYELO GUTIERREZ MANRIQUE,

Petitioner,

v.

Case No. 2:26-cv-2897-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

# ORDER

Petitioner Anyelo Gutierrez Manrique is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and two motions for emergency relief: for a preliminary injunction to prevent the Government from removing him outside Florida while his habeas petition is pending (Doc. 2), and for an expedited decision (Doc. 3).[1]

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Manrique's request to prohibit his transfer outside Florida is denied. "That's because a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025). "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Manrique's transfer to somewhere besides Florida is not available and otherwise superfluous to addressing the petition. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). While Manrique does claim that his transfer could create an access to justice problem, he offers no specifics. Such boilerplate allegations are insufficient to trigger the drastic relief of a preliminary injunction.

Manrique next seeks expedited consideration of his habeas petition. His reasons for requesting immediate action are undeniably serious. He references that his prolonged detention is causing irreparable harm. The Court does not take these allegations lightly. But here is the reality of the situation on the ground: the Court simply lacks the resources to expedite this case. Over the past few months, this district has been inundated with ***thousands*** of habeas corpus petitions. The vast majority of claimants are, just like Manrique, alleging unconstitutional detention. And a great many of them, just like Manrique, have been detained for prolonged periods of time.

The Court is doing its level best to work through these cases as efficiently and effectively as possible. But "this is a district court—not a Denny's." *A.A.R.P. v. Trump*, 137 F.4th 391, 394 (5th Cir. 2025) (Ho, J., concurring). And despite what Manrique might believe, his petition is not a simple, run-of-the-mill filing. He raises complex legal claims challenging the government's authority to detain him pending removal. Resolving this dispute requires grappling with nuanced issues of statutory interpretation and constitutional due process. The Court cannot simply snap its fingers and arrive at the outcome.

Finally, there is a practical point to make here. When the Court is forced to stop reviewing the merits of these urgent petitions to read, consider, and draft orders resolving ancillary requests for speed—like the motion filed

here—the entire process slows down. Diverting our limited judicial resources to address motions to expedite paradoxically ensures that relief for everyone comes slower. The arithmetic of a crowded docket is unforgiving. We cannot put one case on a faster track without inherently and unfairly delaying the rest. Every time a petition is pulled out of order and moved to the front of the line, another petition inevitably gets pushed further back. In a landscape where so many litigants are seeking urgent relief, fairness requires managing the queue with an even hand, rather than allowing a motion to expedite to effectively penalize those who are patiently waiting their turn.

While the Court takes Manrique's underlying liberty claims seriously, the specific stopgap measures he requests are not warranted on the facts or argument presented. Accordingly, his Motion for Preliminary Injunction (Doc. 2) and Motion for Expedite (Doc. 3) are **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on October 26, 2026.

Kyle C. Dudek
United States District Judge